Filed    20-CI-000318    01/14/2020    David L. Nicholson, Jefferson Circuit Clerk

CASE NO.                                                JEFFERSON COUNTY
                                                         CIRCUIT COURT

*ELECTRONICALLY FILED*

KENNETH SHEARD                                            PLAINTIFF

V.

NOVO NORDISK Inc.                                         DEFENDANT

SERVE:
C T Corporation System
306 W. Main ST.
Suite 512
Frankfort, KY 40601

## VERIFIED COMPLAINT

Comes now, the Plaintiff, Kenneth Sheard, by counsel, Brandon Edwards, and for his complaint against the Defendant, Novo Nordisk Inc. herein referred to as "NOVO", he states as follows:

### PARTIES AND JURISIDICTION

1. Kenneth Sheard, is and at all times pertinent hereto was a resident of Radcliff, Hardin County, Kentucky.

2. Defendant, Nova nodisk., (hereinafter "NOVO"), is and at all times pertinent hereto was a corporation organized and existing pursuant to the law of Delaware with its principal place of business being located at 12010 Sunset Hills Rd. RESTON, VA 20190 and doing business in Fort Knox, Hardin County, Kentucky.

Filed    20-CI-000318    01/14/2020    David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BARRY WILLETT (630175)

COM : 000001 of 000005

EXHIBIT A

Filed    20-CI-000318    01/14/2020    David L. Nicholson, Jefferson Circuit Clerk

3. This Court has jurisdiction over claims stated forth herein pursuant to the Kentucky Civil Rights Act, KRS 344.040.

4. Venue is proper in Jefferson County Circuit Court pursuant to Kentucky Revised Statutes (KRS), Chapter 452, because the events that give rise to the cause of action in this case occurred Jefferson County, Kentucky.

5. The amount in controversy exceeds the jurisdictional minimum.

## FACTS

6. Mr. Sheard began working as pharmaceutical sales representative with Novo on April 17th, 2017.

7. Mr. Sheard performed his duties as a sales representative without any issues until February 2018.

8. In February 2018, Mr. Sheard was speaking with his supervisor. His supervisor stated that "You need to be careful with the homeless in the area."

9. Mr. Sheard believe he was talking about this safety because as a sales representative, he normally worked outside of a normal office environment. Most of Mr. Sheard's work entailed traveling in his car to different pharm providers.

10. In response to his supervisors' comment, Mr. Sheard said "Don't worry I am packing." Mr. Sheard was referring to the fact that he possessed a taser for protection, not a gun.

11. His supervisor, never saw a gun in Mr. Sheard's vehicle. David Hece never saw any weapons in Mr. Sheard's vehicle.

12. Despite this, Mr. Hece reported that Mr. Sheard was in violation of the company's policy.

13. On April 11th, 2018, David Hece and Kari Davis called Mr. Sheard, and informed him that he was being terminated for violating company policy.

Filed    20-CI-000318    01/14/2020    David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BARRY WILLETT (630175)
COM: 000002 of 000005

EXHIBIT A

Filed      20-CI-000318   01/14/2020         David L. Nicholson, Jefferson Circuit Clerk

14. Mr. Sheard attempted to remedy this issue internally by talking with Human Resources, because it is his understanding the company does not mention tasers.

15. Ultimately Nova did not reverse its decision to terminate Mr. Sheard.

### A. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

16. Sheard re-alleges all allegations contained in Paragraphs 1-15 above as if fully set forth herein.

17. Defendant's actions, as set forth above, constitute the common law claim of wrongful termination in violation of public policy.

18. Under Kentucky law, regardless of Novo's company policy, employees are permitted to possess a firearm in their vehicle. KRS. 237.106 Right of employees and other persons to possess firearms in vehicle—Employer liable for denying right.

19. KRS 237.106 explicitly states as follows:

    No person, including but not limited to an employer, who is the owner, lessee, or occupant of real property shall prohibit any person who is legally entitled to possess a firearm from possessing a firearm, part of a firearm, ammunition, or ammunition component in a vehicle on the property.

20. KRS 237.106 also explicitly states:

    An employment that fires, disciplines, demotes, or otherwise punishes an employee who is lawfully exercising a right guaranteed by this section and who is engaging in conduct in complaint with this statute shall be liable in civil damages...

21. The common law claim of wrongful termination in violation of public policy is a judicial created protection made to protect employees from termination when their termination violates public policy.

Filed      20-CI-000318   01/14/2020         David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. BARRY WILLETT (63017S)

COM : 000003 of 000005

EXHIBIT A

Filed     20-CI-000318    01/14/2020     David L. Nicholson, Jefferson Circuit Clerk

22. The Kentucky Supreme Court notes in <u>Boykins v. Housing Authority</u>, 842 S.W2d 527, 529: " A employee has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law.. The public policy must be evidenced by a constitutional or statutory provision."

23. In this case, there is a statute which prohibits the actions of Nova. It also permits the plaintiff to seek damages. In Kentucky there is a well-defined public policy which protects employees whom chose to have a firearm in their vehicle. Consequently, Mr. Sheard was wrongfully terminated.

### B. STATUTORY ATTORNEY FEES

24. Sheard re-alleges all allegations contained Paragraphs 1 through 24 above as if fully set forth herein.

25. Sheard makes a claim for statutory attorney fess under KRS 344 in the event he is a prevailing party at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that she be awarded the following relief:

a. Trial by jury;

b. Judgment against the Defendant on all claims asserts herein;

c. Compensatory Damages including but not limited to past and future lost wages and past and future lost benefits;

EXHIBIT A

Filed 20-CI-000318 01/14/2020 David L. Nicholson, Jefferson Circuit Clerk

d. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

e. An award of statutory attorney fees, cost and expenses;

f. Statutory interest on all damage awards, verdicts or judgments; and

g. Any and all other relief to which the Plaintiff may be entitled.

Respectfully Submitted,

/s/ Brandon Edwards
Brandon Edwards
3046 Breckenridge Lane Ste. LL1
Louisville, KY 40220
502-299-9436

Presiding Judge: HON. BARRY WILLETT (630175)

COM : 000005 of 000005

Filed 20-CI-000318 01/14/2020 David L. Nicholson, Jefferson Circuit Clerk

EXHIBIT A