UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| KENNETH SHEARD, | ) | *Electronically Filed* |
| PLAINTIFF | ) | No. 3:20-CV-152-JRW |
| | ) | |
| VS. | ) | |
| | ) | |
| NOVO NORDISK INC., | ) | |

**AMENDED COMPLAINT**

Comes now, the Plaintiff, Kenneth Sheard, by counsel, Brandon Edwards, and for his Amended complaint against the Defendant. He files this amended complaint as a matter of course pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure ("FCRP") Novo Nordisk Inc. herein referred to as "NOVO", he states as follows:

**PARTIES AND JURISIDICTION**

1. Kenneth Sheard , is and at all times pertinent hereto was a resident of Jefferson County, Kentucky.

2. Defendant, Nova Nordisk, (hereinafter "NOVO"), is and at all times pertinent hereto was a corporation organized and existing pursuant to the law of Delaware with its principal place of business being located in New Jersey and doing business in Kentucky

3. This Court has jurisdiction over claims stated forth herein pursuant to K.R.S 237.106, and 527.020, as well as the Kentucky Constitution and ruling of the Commonwealth's highest court.

4. Venue is proper in Jefferson County Circuit Court pursuant to Kentucky Revised Statutes (KRS), Chapter 452, because the events that give rise to the cause of action in this case occurred Jefferson County, Kentucky.

5. The amount in controversy exceeds the jurisdictional minimum.

6. This case was removed to the Western District of Kentucky pursuant to 28 U.S. Code § 1441.

## FACTS

7. Mr. Sheard began working as pharmaceutical sales representative with Novo on April 17th, 2017.

8. Mr. Sheard performed his duties as a sales representative without any issues until February 2018.

9. In February 2018, Mr. Sheard was speaking with his supervisor. His supervisor stated that "You need to be careful with the homeless in the area."

10. Mr. Sheard believe he was talking about this safety because as a sales representative, he normally worked outside of a normal office environment. Most of Mr. Sheard's work entailed traveling in his car to different pharmaceutical providers.

11. In response to his supervisors' comment, Mr. Sheard said "Don't worry I am packing." Mr. Sheard was referring to the fact that he possessed a taser for protection, not a gun.

12. His supervisor never saw a gun in Mr. Sheard's vehicle. David Hece never saw any weapons in Mr. Sheard's vehicle.

13. Despite this, Mr. Hece reported that Mr. Sheard was in violation of the company's policy by having a gun in the car.

14. On April 11th, 2018, David Hece and Kari Davis called Mr. Sheard, and informed him that he was being terminated for violating company policy. The company policy said that an employee could not possess a gun in a vehicle.

15. Novo did not conduct any investigation prior to Mr. Sheard's termination.

16. Mr. Sheard never received any employee discipline prior to his termination.

17. Mr. Sheard attempted to remedy this issue internally by talking with Human Resources, because it is his understanding the company does not mention tasers.

18. Ultimately Nova did not reverse its decision to terminate Mr. Sheard.

## CAUSES OF ACTION

## COUNT I

### A.  VIOLATION OF KRS 237.106

19. Sheard re-alleges all allegations contained in Paragraphs 1-15 above as if fully set forth herein.

20. KRS 237.106 explicitly states as follows:

    "No person, including but not limited to an employer, who is the owner, lessee, or occupant of real property shall prohibit any person who is legally entitled to possess a firearm from possessing a firearm, part of a firearm, ammunition, or ammunition component in a vehicle on the property."

21. KRS 237.106 also explicitly states:

    "An employment that fires, disciplines, demotes, or otherwise punishes an employee who

is lawfully exercising a right guaranteed by this section and who is engaging in conduct in complaint with this statute shall be liable in civil damages…"

22. The Defendant knowingly violated this statute by terminating the plaintiff. These actions were taken at least in part pursuant to company policy that was established in direct violation of applicable Kentucky statutes and case law.

23. As a direct and proximate result of the actions of the Defendants outlined herein, the Plaintiff suffered damages also outlined herein.

## COUNT II

### B.  VIOLATION OR KRS 527.020(8)

24. Sheard re-alleges all allegations contained in Paragraphs 1-24 above as if fully set forth herein.

25. KRS 527.020 (8) states that: "[n]o person or organization, public or private, shall prohibit a person from keeping a loaded or unloaded firearm or ammunition, or both, or other deadly weapon in a vehicle in accordance with the provisions of this subsection. Any attempt by a person, or organization, public or private, to violate the provisions of this subsection may be subject of an action for appropriate relief or for damage in Circuit Court or District of competent jurisdiction. "

26. The Defendant's knowingly violated this statute by terminating the plaintiff. These actions were taken at least in part pursuant to company policy that was established in direct violation of applicable Kentucky statutes and case law.

27. As a direct and proximate result of the actions of the Defendant outlined herein, the Plaintiff suffered damages also outlined herein.

## COUNT III

### C. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

28  Sheard re-alleges all allegations contained in Paragraphs 1-28 above as if fully set forth herein.

29  Defendant's actions, as set forth above, constitute a violation of public policy and a breach of the covenant of good faith and fair dealing, both tortious acts recognized by the Courts and General Assembly of the Commonwealth.

30  These violations of public policy form the basis of an exception to the at will employment doctrine that operate in Kentucky

31  The Defendant's actions violated the Plaintiff's rights under the Kentucky and United States Constitutions, which also form public policy in addition to the statues cited above.

32  The plaintiff was an at-will employee of Defendant Novo and was terminated by the Defendant. The public policy, i.e the right to bear arms, applies to the circumstances of the Plaintiff's termination and the plaintiff was protected by the aforementioned public policy. The plaintiff exercised the rights protected by the Kentucky and United States Constitutions, and the public policy of this Commonwealth. Finally, he was terminated for exercising those rights.

33  The Kentucky Supreme Court held in Boykins v. Housing Authority, 842 S.W2d 527, 529: " A employee has a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law.. The public policy must be evidenced by a constitutional or statutory provision."

34  In this case, there are two statutes which prohibits the actions of Nova. More

specifically, the statutes disallow an employer from restricting its employees from exercising their Federal Second amendment, and State Seventh amendment, i.e the right to bear arms, and self-protect.

35  Additionally, the public policy to bear arms extends to tasers. First, KRS 527.020(8), does not limit its protection to firearms, it includes **other deadly weapons**. Further, United States Supreme Court in District of Columbia v. Heller, held the Second Amendment " conferred an individual right to keep and bear arms "that" extends, prima facie, to all instruments that constitutes bearable arms, *even those that were not in existence at the time of founding.*"(emphasis added)  554 U.S. 570, 582, 595 (2008) Heller defined the " Arms" *covered by* the Second Amendment to include " 'any thing that a man wears for his defence, or takes into his hands, or useth in wrath to cast at or strike another.'" 554 U.S. at 581, 128 S.Ct. 2783, 171 L.Ed.2d 637.

36  Most recently, in a unanimous decision, the Supreme Court held that tasers or stun guns are protected under the second amendment. In Caetano v. Massachusetts, the court addressed if a stun gun, taser is eligible of second amendment protection.  136 S.Ct. 1027, 194 L.Ed.2d 99, 84 U.S.L.W. 4133, 26 Fla.L.Weekly Fed. S 27 (2016) (Per Curiam) *(vacating the conviction of an individual who possessed a stun-gun for protection)* The court held the Heller decision clearly advised lower courts the right to bear arms extends bearable arms, even those not in existence at the time. Further, the court reinforced that the second amendment is fully applicable to the States. McDonald v. Chicago, 561 U.S. 742, 750, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010).

37  Simply put, Mr. Sheard was exercising a well established and fundamental right, i.e. the right to bear arms, and was terminated because it. His termination was contrary to

public policy which grants him the right to bear arms for his protection, but also protects him for exercising that right.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays that she be awarded the following relief:

a. Trial by jury;

b. Judgment against the Defendant on all claims asserts herein;

c. Compensatory Damages including but not limited to past and future lost wages and past and future lost benefits;

d. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

e. An award of attorney fees, cost and expenses;

f. Punitive Damages;

g. Statutory interest on all damage awards, verdicts or judgments; and

h. Any and all other relief to which the Plaintiff may be entitled.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE the Plaintiff Kenneth Sheard, demand a jury trial in this case.

Dated: March 26, 2020

Respectfully Submitted,

/s/ Brandon Edwards
Brandon Edwards
3046 Breckenridge Lane Ste. LL1
Louisville, KY 40220
502-299-9436